IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY RICHARD LOW, | No. CIV S-11-0029-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| S.M. SALINAS, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.   Specifically, the petition is barred because petitioner pleaded no contest in state court.

/ / /

/ / /

A guilty plea (or plea of no contest) which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the guilty plea. See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)).  Thus, where the defendant pleads guilty (or no contest), he may only challenge whether the guilty plea was valid (i.e., knowing, intelligent, and voluntary). See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980). This rule is known as the "Tollett rule."

An exception to this rule may exist where state law permits a challenge to an adverse pre-trial ruling despite a later guilty plea. See Lefkowitz, 420 U.S. at 288 (citing McMann, 397 U.S. at 766).   This is called the "Lefkowitz exception."  In California, a defendant may raise an issue on appeal despite a guilty plea if the defendant has filed a written statement with the trial court setting forth the grounds for the claim and the trial court has issued a certificate of probable cause for the appeal. See Mitchell, 632 F.2d at 771 (citing Cal. Penal Code § 1237.5).  This rule, however, does not operate as an exception to the Tollett rule. See Mitchell, 632 F.2d at 772.  The only Lefkowitz exception under California law is a statute permitting an appeal based on an alleged Fourth Amendment violation. See id. at 771; see also Cal. Penal Code § 1538.5.  A conditional guilty plea does not fall under the Lefkowitz exception. See Mitchell, 632 F.2d at 773.  Another exception to the Tollett rule exists where the challenge goes to "the power of the state to bring the defendant into court to answer the charges brought against him." Journigan v. Duffy, 552 F.2d 283,  (9th Cir. 1977) (citing Blackledge v. Perry, 417 U.S. 21, 30 (1974)).  This is known as the "Journigan exception."

/ / /

/ / /

/ / /

Thus, under the Tollett rule, a defendant who pleaded guilty may only raise claims on federal habeas which challenge the validity of the plea or fall within either the Lefkowitz or Journigan exceptions. Claims of ineffective assistance of counsel with respect to the plea are permitted under the Tollett rule. See Tollett, 411 U.S. at 267 (citing McMann, 397 U.S. at 771). Here, petitioner pleaded no contest in state court. In his petition, petitioner raises claims relating to his right to a speedy trial and right to self-representation. Petitioner does not appear to challenge the validity of his no contest plea, nor does he raise claims which could fall under any other exception to the Tollett rule, discussed above.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed. Petitioner is warned that failure to respond to this order may result in dismissal of the petition the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

IT IS SO ORDERED.

DATED: January 20, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE